UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.:

ARCH SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

vs.

THE HIGHLANDS AT HUNTER'S GREEN CONDOMINIUM ASSOCIATION, INC., a Florida corporation, and TRW, LLC, a Florida limited liability company,

    Defendant.
_____/

# COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, ARCH SPECIALTY INSURANCE COMPANY ("Arch"), brings this action for declaratory relief against Defendants, THE HIGHLANDS AT HUNTER'S GREEN CONDOMINIUM ASSOCIATION, INC. ("Association") and TRW, LLC ("TRW"), and states as follows:

1. This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of determining an actual controversy between Arch and the Association involving the issue of insurance coverage availability for claims made by TRW against the Association, which is located in Hillsborough County, Florida.

2. Arch is an insurance company incorporated under the laws of the state of Missouri, with its principle place of business in Hudson County, New Jersey.

3. The Association is an active Florida corporation incorporated under the laws of Florida, with its principle place of business in Hillsborough County, Florida.

4. TRW is an active Florida limited liability company incorporated in Florida, with its principle place of business in Pinellas County, Florida.

5. Complete diversity of citizenship exists in this matter.

6. The amount in controversy exceeds the sum of Seventy-Five Thousand ($75,000) Dollars, exclusive of interest and costs.

7. Accordingly, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332.

8. Venue in this district is proper since the material events related to the underlying lawsuit occurred in this district.

## UNDERLYING ACTION

9. On April 4, 2019, in an underlying action, TRW filed an amended complaint against the Association. A copy of the amended complaint in the underlying action is attached hereto as Exhibit A.

10. The amended complaint in the underlying action generally alleges that the Association hired TRW to perform work on the Association's property and that the Association terminated TRW without cause and has defamed TRW.

11. Specifically, TRW asserts claims for breach of contract (Count I), breach of an implied contract (Count II), breach of an implied covenant of good faith and fair dealing (Count III), defamation (Count IV), and defamation per se (Count V).

## ARCH INSURANCE POLICY

12.  Arch issued commercial general liability policy number AGL0023778-01 to the Association for the policy period of March 25, 2016, through March 25, 2017 (the "policy"). A true and correct copy of the Arch Policy is attached hereto as Exhibit B.

13.  The insuring agreement contained in the policy's commercial general liability coverage form (form CG 00 01 12 07), Part A, states, in relevant part, as follows:

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.  Insuring Agreement

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

    * * *

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

    b.  This insurance applies to "bodily injury" and "property damage" only if:

        (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2)  The "bodily injury" or "property damage" occurs during the policy period; and

        (3)  Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that

> > the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.
>
> c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

The coverage form defines the following relevant terms:

> 3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> \* \* \*
>
> 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> \* \* \*
>
> 17. "Property damage" means:
>
>     a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
>     b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

14.  To implicate the coverage provided under part A of the policy, the damages alleged against the Association must constitute "bodily injury" or "property damage," that takes place during the policy period, is caused by an "occurrence," and not have been known by any insured to have occurred, in whole or in part, prior to the policy period.

15. The insuring agreement contained in the policy's commercial general liability coverage form (form CG 00 01 12 07), Part B, states, in relevant part, as follows:

**SECTION I – COVERAGES**

**\* \* \***

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

1. Insuring Agreement

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. . .

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

    b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

The coverage form defines the following relevant terms:

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d.    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services;

    e.    Oral or written publication, in any manner, of material that violates a person's right of privacy;

    f.    The use of another's advertising idea in your "advertisement" or;

    g.    Infringing upon another's copyright, trade dress or slogan in your "advertisement"

16. To implicate the coverage provided under part B of the policy, the damages alleged against the Association must constitute "personal and advertising injury," caused by an "offense" arising out of the Association's business, and take place during the policy period.

17. Coverage part B of the policy also contains two relevant exclusions, which state that the insurance does not apply to:

    **a.**    **Knowing Violation Of Rights Of Another**

    "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

    **b.**    **Material Published With Knowledge Of Falsity**

    "Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

**COUNT I**
**ACTION FOR DECLARATORY RELIEF AGAINST CLAIMS FOR BREACH OF CONTRACT, BREACH OF IMPLIED CONTRACT, AND BREACH OF IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**

18. ARCH incorporates and re-alleges paragraphs 1-17 as if fully set forth herein.

19. An actual, present and existing controversy has arisen between Arch and the Association as to the obligations of Arch under the contract of insurance identified in paragraph 12 herein, with respect to the claims being asserted against the Association.

20. Counts I and II assert that the Association's "actions in terminating the contract constitute a breach resulting in damages to TRW for nonpayment, lost profits it would have made in completing the balcony repairs and roof replacement, and consequential damages." See ¶ 24 and ¶ 28 in Exhibit A.

21. Count III asserts that the Association's "actions in terminating the contract constitute a breach depriving TRW of the benefits of the contract, resulting in damages to TRW for nonpayment, lost profits it would have made in completing the balcony repairs and roof replacement, and consequential damages." See ¶ 33 in Exhibit A.

22. The policy at issue provides coverage for "bodily injury," "property damage," and "personal and advertising injury." Counts I, II, and III seek nothing more than TRW's loss of profits. A loss of profits does not constitute "bodily injury," "property damage," or "personal and advertising injury." Accordingly, the policy provides no coverage for the claims made in Counts I, II, and III.

23. There is a *bona fide*, actual, present need for the declaration that Arch has no obligation to defend or indemnify the Association with regard to the damages resulting from damages that do not constitute "bodily injury," "property damage," or "personal and advertising injury."

24. This Court's declaration will confer certainty on the parties with respect to their rights, duties, and obligations under the policies and will, therefore serve the interests of justice.

## COUNT II
## ACTION FOR DECLARATORY RELIEF AGAINST CLAIMS FOR DEFAMATION AND DEFAMATION PER SE

25. ARCH incorporates and re-alleges paragraphs 1-17 as if fully set forth herein.

26. An actual, present and existing controversy has arisen between Arch and the Association as to the obligations of Arch under the contract of insurance identified in paragraph 12 herein, with respect to the claims being asserted against the Association.

27. Counts IV and V assert that on April 29, 2016, the Association recorded in the public records a letter containing false statements. Accordingly, TRW asserts that the Association has damaged TRW and/or has "caused irreparable harm to TRW's business, trade, reputation and goodwill; have negligently impacted the public's perception of TRW's trustworthiness and character; and have caused TRW to be subjected to contempt, ridicule, distrust and disgrace."

28. Coverage part B of the policy at issue provides no coverage for the following:

   a. **Knowing Violation Of Rights Of Another**

   "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

   b. **Material Published With Knowledge Of Falsity**

   "Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

29. The complaint specifically alleges that the Association knew that the statements in the letter dated April 19, 2019 "were false, or with negligent disregard for the truth of the statements." See ¶ 39 and ¶ 46 in Exhibit A. These claims fall within the scope of the "Knowing Violation of Rights of Another" exclusion and the "Material Published with Knowledge of Falsity." Accordingly, the policy provides no coverage for the claims made in Counts IV and V.

30. There is a *bona fide*, actual, present need for the declaration that Arch has no obligation to defend or indemnify the Association with regard to the damages resulting from acts that defamed TRW.

31. This Court's declaration will confer certainty on the parties with respect to their rights, duties, and obligations under the policies and will, therefore serve the interests of justice.

DATED this 9th day of August, 2019.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP
The Alhambra
2 Alhambra Plaza
Suite 1110
Coral Gables, Florida 33134
Telephone: (786) 353-0210
Facsimile: (786) 513-2249


By: */s/ Jessica S. Forbes*
    SETH V. ALHADEFF
    FBN: 525235
    Seth.Alhadeff@lewisbrisbois.com
    JESSICA S. FORBES
    FBN: 78689
    Jessica.Forbes@lewisbrisbois.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 9th day of August, 2019 the foregoing doucment was filed with the Clerk of Court using CM/ECF.

By: */s/ Jessica S. Forbes*

4839-5784-6423.1