UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, DIVISION

Case No.: 8:19-cv-1971-T-23SPF

ARCH SPECIALTY INSURANCE
COMPANY,

      Plaintiff,

vs.

THE HIGHLANDS AT HUNTER'S GREEN
CONDOMINIUM ASSOCIATION, INC., a
Florida corporation, and TRW, LLC, a Florida
limited liability company,

      Defendants.
_____/

## ANSWER OF THE DEFENDANT, THE HIGHLANDS AT HUNTER'S GREEN CONDOMINIUM ASSOCIATION, INC.

Defendant, The Highlands at Hunter's Green Condominium Association, Inc., by and through its undersigned attorneys, hereby answers the complaint of Plaintiff and states that the following answers are numbered correspondingly to the numbered allegations set forth in the complaint:

1. Admits.

2. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

3. Admits and clarifies that the defendant is a not-for-profit Florida corporation.

4. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

5. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

6. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

7. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

8. Admits.

### Answers to "Underlying Action"

9. Admits.

10. Admits only that the language in the amended complaint attached as Exhibit A to Plaintiff's complaint speaks for itself.

11. Admits only that the language in the amended complaint attached as Exhibit A to Plaintiff's complaint speaks for itself and that there are numbered counts in the body of the amended complaint titled similarly to those alleged in Plaintiff's complaint, but otherwise denies, particularly any implication that the referenced amended complaint sufficiently sets forth or states any cause of action.

### Answers to "Arch Insurace Policy"

12. Admits.

13. Admits only that the language in the insurance policy attached as Exhibit B to Plaintiff's complaint speaks for itself and that the quoted language appears in the policy.

14. Paragraph 14 of Plaintiff's complaint attempts to state a legal interpretation, opinion or conclusion of "the coverage provided under part A of the policy;" Defendant admits only that the language in the insurance policy attached as Exhibit B to Plaintiff's complaint speaks for itself and

that the language in the Commercial General Liability Coverage Form, Section I—Coverages, Coverage A is entitled "Bodily Injury and Property Damage Liability."

15. Admits only that the language in the insurance policy attached as Exhibit B to Plaintiff's complaint speaks for itself and that the quoted language appears in the policy.

16. Paragraph 16 of Plaintiff's complaint attempts to state a legal interpretation, opinion or conclusion of "the coverage provided under part B of the policy;" Defendant admits only that the language in the insurance policy attached as Exhibit B to Plaintiff's complaint speaks for itself and that the language in part B of the policy is entitled "Personal and Advertising Injury Liability."

17. Admits only that the language in the insurance policy attached as Exhibit B to Plaintiff's complaint speaks for itself and that the quoted language appears in the policy.

## Answers to Count I

18. Defendant incorporates and restates its responses as set forth in paragraphs 1-17 above as though fully set forth herein.

19. Admits.

20. Admits only that the language in the amended complaint attached as Exhibit A to the complaint, including any alleged damages sought therein, speaks for itself.

21. Admits only that the language in the amended complaint attached as Exhibit A to the complaint, including any alleged damages sought therein, speaks for itself.

22. Paragraph 22 of the complaint attempts to state a legal interpretation, opinion or conclusion. Defendant admits only that the language in the insurance policy attached as Exhibit B to the complaint and the language in the amended complaint attached as Exhibit A to the complaint speaks for itself.

23. Admits that a declaration is needed; otherwise, denies.

24.  Admits.

## Answers to Count II

25.  Defendant incorporates and restates its responses as set forth in paragraphs 1-17 above as though fully set forth herein.

26.  Admits.

27.  Admits only that the language in the amended complaint attached as Exhibit A to the complaint, including any alleged damages sought therein, speaks for itself.

28.  Admits only that the quoted language appears in part B of the policy attached as Exhibit B to the complaint; otherwise, the allegation attempts to state a legal interpretation, opinion or conclusion.

29.  Paragraph 29 of the complaint attempts to state a legal interpretation, opinion or conclusion. Defendant admits only that the language in the insurance policy attached as Exhibit B to the complaint and the language in the amended complaint attached as Exhibit A to the complaint speaks for itself.

30.  Admits that a declaration is needed; otherwise, denies.

31.  Admits.

Barbara J. Prasse
FBN: 610933
Trial Counsel for Defendant
Barbara J. Prasse, P.A.
P.O. Box 173497
Tampa, Florida 33672
Telephone: 813-258-4422
Facsimile: 813-258-4424
Email: pleadings@tampalitigator.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 6th, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participant: TRW, LLC, c/o TK Registered Agent, Inc., 101 E. Kennedy Boulevard, Suite 2700, Tampa, FL 33602.

Barbara J. Prasse
FBN: 610933
Trial Counsel for Defendant
Barbara J. Prasse, P.A.
P.O. Box 173497
Tampa, Florida 33672
Telephone: 813-258-4422
Facsimile: 813-258-4424
Email: pleadings@tampalitigator.com