UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, DIVISION

Case No.:  8:19-cv-1971-T-23SPF

ARCH SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

vs.

THE HIGHLANDS AT HUNTER'S GREEN
CONDOMINIUM ASSOCIATION, INC., a
Florida corporation, TRW, LLC, a Florida
limited liability company, and DONALD L.
COHAGEN III, an individual

    Defendants.

_____/

## ANSWER OF THE DEFENDANT, THE HIGHLANDS AT HUNTER'S GREEN CONDOMINIUM ASSOCIATION, INC. TO AMENDED COMPLAINT FOR DECLARATORY RELIEF

Defendant, The Highlands at Hunter's Green Condominium Association, Inc., by and through its undersigned attorneys, hereby answers the amended complaint of Plaintiff and states that the following answers are numbered correspondingly to the numbered allegations set forth in the complaint:

1. Admits.

2. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

3. Admits and clarifies that the defendant is a not-for-profit Florida corporation.

4. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

5. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

6. Admits.

7. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

8. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

9. Admits.

## Answers to "TRW Underlying Action"

10. Admits.

11. Admits only that the language in the amended complaint attached as Exhibit A to Plaintiff's complaint speaks for itself.

12. Admits only that the language in the amended complaint attached as Exhibit A to Plaintiff's amended complaint speaks for itself and that there are numbered counts in the body of the amended complaint titled similarly to those alleged in Plaintiff's amended complaint, but otherwise denies, particularly any implication that the referenced amended complaint sufficiently sets forth or states any cause of action.

## Answers to "Cohagen Underlying Action"

13. Admits.

14. Admits only that the language in the amended complaint attached as Exhibit B to Plaintiff's amended complaint speaks for itself.

15.     Admits only that the language in the complaint attached as Exhibit B to Plaintiff's amended complaint speaks for itself and that there are numbered counts in the body of the amended complaint titled similarly to those alleged in Plaintiff's amended complaint, but otherwise denies, particularly any implication that the referenced complaint sufficiently sets forth or states any cause of action.

### Answers to "Arch Insurace Policy"

16.     Admits.

17.     Admits only that the language in the insurance policy attached as Exhibit C to Plaintiff's amended complaint speaks for itself and that the quoted language appears in the policy.

18.     Paragraph 18 of Plaintiff's amended complaint attempts to state a legal interpretation, opinion or conclusion of "the coverage provided under part A of the policy;" Defendant admits only that the language in the insurance policy attached as Exhibit C to Plaintiff's amended complaint speaks for itself and that the language in the Commercial General Liability Coverage Form, Section I—Coverages, Coverage A is entitled "Bodily Injury and Property Damage Liability."

19.     Admits only that the language in the insurance policy attached as Exhibit C to Plaintiff's amended complaint speaks for itself and that the quoted language appears in the policy.

20.     Paragraph 20 of Plaintiff's amended complaint attempts to state a legal interpretation, opinion or conclusion of "the coverage provided under part B of the policy;" Defendant admits only that the language in the insurance policy attached as Exhibit C to Plaintiff's amended complaint speaks for itself and that the language in part B of the policy is entitled "Personal and Advertising Injury Liability."

21. Admits only that the language in the insurance policy attached as Exhibit C to Plaintiff's complaint speaks for itself and that the quoted language appears in the policy.

### Answers to Count I

22. Defendant incorporates and restates its responses as set forth in paragraphs 1-21 above as though fully set forth herein.

23. Admits.

24. Admits only that the language in the amended complaint attached as Exhibit A to the Plaintiff's amended complaint, including any alleged damages sought therein, speaks for itself.

25. Admits only that the language in the amended complaint attached as Exhibit A to the Plaintiff's amended complaint, including any alleged damages sought therein, speaks for itself.

26. Paragraph 26 of the amended complaint attempts to state a legal interpretation, opinion or conclusion. Defendant admits only that the language in the insurance policy attached as Exhibit C to the amended complaint and the language in the amended complaint attached as Exhibit A to the complaint speaks for itself, and denies that "[c]ounts I, II and III of the TRW Lawsuit seek nothing more than TRW's loss of profits."

27. Admits that a declaration is needed; otherwise, denies.

28. Admits.

### Answers to Count II

29. Defendant incorporates and restates its responses as set forth in paragraphs 1-21 above as though fully set forth herein.

30. Admits.

31.     Admits only that the language in the amended complaint attached as Exhibit A and the complaint attached as Exhibit B to the amended complaint, including any alleged damages sought therein, speaks for itself.

32.     Admits only that the quoted language appears in part B of the policy attached as Exhibit C to the amended complaint and speaks for itself; otherwise, the allegation attempts to state a legal interpretation, opinion or conclusion.

33.     Paragraph 33 of the amended complaint attempts to state a legal interpretation, opinion or conclusion.  Defendant admits only that the language in the insurance policy attached as Exhibit C to the amended complaint and the language in the amended complaint attached as Exhibit A to the amended complaint speaks for itself.

34.     Defendant admits only that the language of the complaint attached as Exhibit B to the amended complaint speaks for itself.

35.     Admits that a declaration is needed; otherwise, denies.

36.     Admits.

/s/Barbara J. Prasse-Anderson

Barbara J. Prasse-Anderson
FBN: 610933
Trial Counsel for Defendant
Barbara J. Prasse, P.A.
P.O. Box 173497
Tampa, Florida 33672
Telephone: 813-258-4422
Facsimile: 813-258-4424
Email: pleadings@tampalitigator.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing

document and the notice of electronic filing by first-class mail to the following non-CM/ECF participant Donald Cohagen, III, 302 North US Highway 41, Ruskin, FL 33570.

                                              */s/ Barbara J. Prasse-Anderson*

                                              Barbara J. Prasse-Anderson
                                              FBN: 610933
                                              Trial Counsel for Defendant
                                              Barbara J. Prasse, P.A.
                                              P.O. Box 173497
                                              Tampa, Florida 33672
                                              Telephone: 813-258-4422
                                              Facsimile: 813-258-4424
                                              Email: pleadings@tampalitigator.com